UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| REBECCA SANCHEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SEPHORA USA, INC.,<br><br>Defendant. | Case No: 11-03396 SBA<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION**<br><br>Docket 27 |

Plaintiff Rebecca Sanchez ("Plaintiff"), individually and on behalf of all others similarly situated, brings the instant action against her former employer, Sephora USA, Inc. ("Sephora") under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), to recover unpaid overtime wages. See First Am. Compl. ("FAC"), Dkt. 9. The parties are presently before the Court on Plaintiff's Motion for Conditional Certification. Dkt. 27. Having read and considered the papers filed in connection with this matter, and being fully informed, the Court hereby GRANTS Plaintiff's motion for the reasons stated below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

# I. BACKGROUND

Sephora is a beauty supply retailer which owns and operates over 280 retail stores across the United States. From August 2004 to November 2009, Plaintiff worked as a Specialist for Sephora in stores located in Florida and Texas. As a Specialist, Plaintiff's job duties included: (a) sales; (b) merchandising; (c) customer service; (d) inventory; and (e) operating the cash register. Plaintiff was compensated on a salary basis, and typically worked fifty hours per week without any overtime compensation. She allegedly performed these functions in accordance with Sephora's corporate policies, practices, checklists, standards of conduct and guidelines which were disseminated and/or readily available to "cast members" (i.e., employees).

On July 11, 2011, Plaintiff filed the instant action in this Court against Sephora. Dkt. 1. On August 3, 2011, Plaintiff filed a First Amended Complaint ("FAC"), which alleges a single claim under the FLSA. Dkt. 8. Plaintiff alleges that Sephora misclassified her and other Specialists as "exempt" and, as a result, failed to pay her and putative class members overtime wages in violation of the FLSA. Plaintiff along with Marilyn Creek, Cherie Tahtinen and Merrie G. Pickering-Gray, who also were employed as Sephora Specialists on a salary basis, have filed consents to join the action.[1]

On December 29, 2011, Plaintiff filed the present motion for conditional certification. Dkt. 27. She seeks conditional certification of a Class defined as follows: "All individuals who were (a) employed by Sephora as a Specialist within the past three years prior to this action's filing date and through the final disposition of this lawsuit; and (b) paid a 'salary' with no overtime compensation." Mot. at 1 (footnote omitted). In response, Sephora has filed an opposition to the motion, as well as a separate brief styled as "Objections to Evidence Submitted by Plaintiff in Support of Motion for Class Certification." Dkt. 34, 46. Plaintiff timely filed a reply and a response to Sephora's evidentiary objections. Dkt. 48, 49. At the direction of the Court, Sephora submitted a

---

[1] Sephora disputes that Ms. Creek was employed during the class period. However, that dispute is not germane to the instant motion.

surreply addressing certain aspects of Plaintiff's proposed class notice on June 8, 2012. The matter has been fully briefed and is ripe for adjudication.

## II. DISCUSSION

### A. SEPHORA'S OBJECTIONS TO PLAINTIFF'S DECLARATIONS

Sephora seeks to strike the declarations submitted by Plaintiff and four putative class members on the grounds that they are "cookie cutter" declarations. Dkt. 46. However, the mere fact that the declarations submitted by Plaintiff are virtually identical does not ipso facto render them incompetent, particularly at this stage of the proceeding where the Court is applying a lenient standard of review. See Keiholtz v. Lennox Hearth Prods., Inc., 268 F.R.D. 330, 337 n.3 (N.D. Cal. 2010) ("On a motion for class certification, the Court makes no findings of fact and announces no ultimate conclusions on Plaintiffs' claims" and therefore "the Court may consider evidence that may not be admissible at trial."); Bollinger v. Residential Capital, LLC, 761 F. Supp. 2d 1114, 1120 (W.D. Wash. 2011) ("But at this stage, under a lenient standard, the use of similarly worded or even 'cookie cutter' declarations is not fatal to a motion to certify an FLSA collective action."). The Court also is unpersuaded by Sephora's ancillary contentions that the declarants' statements regarding their job duties lack foundation. It is axiomatic that the declarants are competent to articulate what their particular job duties were. Though the declarants may not have provided specific details regarding each and every aspect of their position as a Specialist, the lack of such information does not render their statements "vague and ambiguous" as Sephora asserts. For these reasons, the Court overrules Sephora's objections to the declarations submitted by Plaintiff.

### B. CONDITIONAL CERTIFICATION

Under the FLSA, employers must pay their employees a minimum wage and overtime wages for hours worked in excess of forty per week. See 29 U.S.C. §§ 206, 207. If an employer fails to do so, an aggrieved employee may bring a collective action on behalf of "similarly situated" employees based on their employer's alleged violations of the FLSA. Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1064 (9th Cir. 2000).

1  The decision as to whether to certify a collective action is within the discretion of the
2  district court.  Adams v. Inter-Con Sec. Sys., 242 F.R.D. 530, 535 (N.D. Cal. 2007) (citing
3  Leuthold v. Destination Am., Inc., 224 F.R.D. 462, 466 (N.D. Cal. 2004)).  The plaintiff
4  bears the burden of showing that the putative collective action members are "similarly
5  situated."  Adams, 242 F.R.D. at 535-536; Leuthold, 224 F.R.D. at 466.

6  Although the FLSA does not define "similarly situated," federal courts have
7  generally adopted a two-step approach to determine whether to permit a collective action.
8  Hill v. R&L Carriers, Inc., 690 F. Supp. 2d 1001, 1009 (N.D. Cal. 2010).  The first step is
9  the "notice stage," at which time the district court assesses whether potential class members
10 should be notified of the opportunity to opt-in to the action.  Buenaventura v. Champion
11 Drywall, Inc. of Nev., No. 2:10-cv-00377-LDG (RJJ), 2012 WL 1032428, at *8 (D. Nev.,
12 Mar. 27, 2012).  "To grant conditional certification at this stage, the court requires little
13 more than substantial allegations, supported by declarations or discovery, that the putative
14 class members were together the victims of a single decision, policy, or plan."  Stanfield v.
15 First NLC Fin. Servs., LLC, No. C 06-3892 SBA, 2006 WL 3190527, at *2 (N.D. Cal.,
16 Nov. 1, 2006) (internal quotations and citations omitted) (Armstrong, J.).  "Plaintiff need
17 not show that his position is or was identical to the putative class members' positions; a
18 class may be certified under the FLSA if the named plaintiff can show that his position was
19 or is similar to those of the absent class members."  Edwards v. City of Long Beach, 467 F.
20 Supp. 2d 986, 990 (C.D. Cal. 2006).  "Since this first determination is generally made
21 before the close of discovery and based on a limited amount of evidence, the court applies a
22 fairly lenient standard and typically grants conditional class certification."  Misra v.
23 Decision One Mortg. Co., LLC, 673 F. Supp. 2d 987, 993 (C.D. Cal. 2008) (emphasis

added).[2] At the second step—typically initiated by a motion to decertify after discovery is complete—the court engages in a more searching inquiry. Leuthold, 224 F.R.D. at 466. "Should the court determine on the basis of the complete factual record that the plaintiffs are not similarly situated, then the court may decertify the class and dismiss the opt-in plaintiffs without prejudice." Id. at 467.

In the instant case, the Court finds that Plaintiff has satisfied the lenient standard for conditional certification. Four individuals representing different Sephora retail establishments, regions, and districts have filed consents to join this action. See Dkt. 1, 13, 14 and 15. The job descriptions, documents, admissions and declarations proffered by Plaintiff demonstrate that Sephora's policy of allegedly improperly classifying its Specialists as exempt from the FLSA is widespread and ongoing. This evidence shows Sephora's Specialists were employed with a common job description, performed similar job duties, under identical pay provisions, and is sufficient for conditional certification at this stage of the proceedings. See Hill, 690 F. Supp. 2d at 1009 ("For conditional certification at this notice stage, the court requires little more than substantial allegations, supported by declarations or discovery, that the putative class members were together the victims of a single decision, policy, or plan.") (internal quotations and citations omitted).

Sephora offers several arguments in opposition to Plaintiff's motion for conditional certification, none of which the Court finds compelling. First, Sephora argues that

---

[2] The undersigned and other judges in this District uniformly apply the two-stage approach and a lenient standard to determine whether plaintiffs are "similarly situated." See Guifu Li v. A Perfect Franchise, Inc., No. C 10-1189 LHK, 2011 WL 4635198, at *6 (N.D. Cal., Oct. 5, 2011) (Koh, J.); Santiago v. Amdocs, Inc., No. C 10-4317 SI, 2011 WL 6372348, at *7 (N.D. Cal., Dec. 19, 2011) (Illston, J.); Beauperthuy v. 24 Hour Fitness USA, Inc., 772 F. Supp. 2d 1111, 1117 (N.D. Cal. 2011) (Conti, J.); Gee v. Suntrust Mortg., Inc., No. C 10-1509 RS, 2011 WL 722111, at *2 (N.D. Cal., Feb. 18, 2011) (Seeborg, J.); Harris v. Vector Marketing Corp., 753 F. Supp. 2d 996, 1003 (N.D. Cal. 2010) (Chen, J.); Wong v. HSBC Mortg. Corp., No. C 07-2446 MMC, 2010 WL 3833952, at *1 (N.D. Cal., Sept. 29, 2010 (Chesney, J.); Lewis v. Wells Fargo & Co., 669 F. Supp. 2d 1124, 1127 (N.D. Cal. 2009) (Wilken, J.); Labrie v. UPS Supply Chain Solutions, Inc., No. C 08-3182 PJH, 2009 WL 723599, at *4 (N.D. Cal., Mar. 18, 2009) (Hamilton, J.); Baas v. Dollar Tree Stores, Inc., C 07-3108 JSW, 2009 WL 1765759, at *5 (N.D. Cal., June 18, 2009) (White, J.); In re Wells Fargo Home Mortg. Overtime Pay Litig., 527 F. Supp. 2d 1053, 1071 (N.D. Cal. 2007) (Patel, J.); Leuthold, 224 F.R.D. at 467 (Walker, J.).

Plaintiff's evidentiary showing is too weak to justify conditional certification under the standard for class certification under Rule 23 set forth in Wal-Mart Stores, Inc. v. Dukes, 131 S.Ct. 2541 (2011). Dukes clarified that to show commonality under Rule 23(a)(2), a plaintiff must demonstrate that class members "have suffered the same injury" and that their claims "depend upon a common contention ... of such a nature that is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." Dukes, 131 S.Ct. at 2251 (internal citation omitted). However, Sephora has not cited nor has the Court found any authority extending Dukes to a FLSA action, particularly at the first stage of the certification process. Indeed, application of Dukes to the conditional certification analysis would be contrary to the weight of authority holding that the FLSA's "similarly situated" requirement is less stringent than Rule 23's standard for class certification. See O'Brien v. Ed Donnelly Enters., Inc., 575 F.3d 567, 584 (6th Cir. 2009) (holding that district court erred in applying Rule 23 standard to determine whether opt-in plaintiffs were similarly situated under the FLSA); see also Grayson v. K Mart Corp., 79 F.3d 1086, 1096 (11th Cir. 1996).

     Nor is the Court persuaded that, notwithstanding Dukes, Plaintiff has failed to make a sufficient showing to justify conditional certification at this juncture. Sephora complains that the declarations from Plaintiff and three opt-in claimants fail to show that Specialists in other stores around the country were subject to a common policy. Sephora's arguments, however, are better suited for resolution at the second stage of the certification process where a more rigorous analysis will be undertaken to determine whether Plaintiff's claims are similarly situated to potential class members. Leuthold, 224 F.R.D. at 467-68. At the first stage, where little, if any, discovery has yet been undertaken, only "some evidence" is necessary to show that the plaintiff and potential claimants are similarly situated with respect to their job duties and circumstances. Kress v. PricewaterhouseCoopers, LLP, 263 F.R.D. 623, 630 (E.D. Cal. 2009). Plaintiff's evidentiary showing, while not substantial or detailed, is nonetheless more than sufficient at this stage of the proceedings. Id.

Sephora next contends that conditional certification is inappropriate on the grounds that determining whether Plaintiff and putative class members are similarly situated will entail individualized inquiries, ostensibly because Specialists' duties vary from store to store. This Court has rejected similar arguments during the first stage of the FLSA conditional certification process, finding that these arguments go to the merits and are better addressed at the second stage, after discovery has closed. See Stanfield, 2006 WL 3190527 at *3; accord Harris v. Vector Marktg. Corp., 716 F. Supp. 2d 835, 841 (N.D. Cal. 2010) (Chen, J.); Labrie v. UPS Supply Chain Solutions, Inc., No. C 08-3182 PJH, 2009 WL 723599, at *5-7 (N.D. Cal., May 18, 2010) (Hamilton, J.); Gilbert v. Citigroup, Inc., No. C 08-0385 SC, 2009 WL 424320, at *4 (N.D. Cal., Feb.18, 2009) (Conti, J.); Escobar v. Whiteside Const. Corp., No. C 08-01120 WHA, 2008 WL 3915715, at *5 (N.D. Cal., Aug. 21, 2008) (Alsup, J.).

The Court also notes that Sephora's argument inappropriately depends heavily on declarations from a number of its employees for the proposition that individualized inquiries are necessary to determine class members' job duties. E.g., Delaney Decl. ¶¶ 4-6; Johnson Decl. ¶ 9-14; Pacheco Decl. ¶ 10-11. Again, federal courts are in agreement that evidence from the employer is not germane at the first stage of the certification process, which is focused simply on whether notice should be disseminated to potential claimants. See Grayson, 79 F.3d at 1099 n.17 (affirming district court's grant of conditional certification based on plaintiff's substantial allegations, notwithstanding defendant's submission of affidavits contradicting plaintiff's allegations); Luque v. AT & T Corp., No. C 09-5885 CRB, 2010 WL 4807088, at *5 (N.D. Cal., Nov. 19, 2010) (disregarding thirty declarations from other field managers submitted by defendants in opposition to motion for conditional certification) (Breyer, J.); Kress, 263 F.R.D. at 628 ("In determining whether plaintiffs have met this standard, courts need not consider evidence provided by defendants.").

Finally, Sephora argues that Plaintiff has not shown that a sufficient number of other Specialists desire to opt-in to this lawsuit. There is no controlling authority holding that a

FLSA plaintiff must make such a showing as a prerequisite to obtaining conditional certification. Delgado v. Ortho-McNeil, Inc., No. SACV07-263CJCMLGX, 2007 WL 2847238, at *2 (C.D. Cal., Aug. 7, 2007). Indeed, such a restriction is counter to the lenient standard applicable to motions for conditional certification. Moreover, it is inconsistent with the directive of the Supreme Court and the Ninth Circuit that the FLSA should be "liberally construed to apply to the furthest reaches consistent with Congressional direction." Probert v. Family Centered Servs. of Alaska, Inc., 651 F.3d 1007, 1010 (9th Cir. 2011) (internal quotations and citations omitted); Tony and Susan Alamo Foundation v. Secretary of Labor, 471 U.S. 290, 296 (1985).

In sum, the Court thus concludes that Plaintiff has made a sufficient showing for conditional certification and dissemination of notice to the Class.

### C. MODIFICATIONS TO THE CLASS NOTICE

In addition to determining whether conditional certification is warranted, Plaintiff requests that the Court facilitate notice of the pending action to potential claimants so that they will have an opportunity to opt-in to this case. To this end, Plaintiff requests that the Court direct Sephora to disclose the names and contact information of the potential class members. Plaintiff also requests that the Court approve her proposed form of notice and proposed consent to join form, and then allow her counsel to send out these Court-approved forms to potential Class members. Sephora objects to certain provisions of Plaintiff's proposed class notice which are discussed below.

#### 1. Time to Compile Class List

Plaintiff proposes that the Court require Sephora to compile a list of potential class members within ten days of the date of the Court's approval of the class notice. Sephora summarily states that it needs more than ten days, and proposes a thirty-day time period to prepare the class list. In her reply, Plaintiff proposes a compromise of twenty days. Neither party provides any particular reasons or evidentiary support for the proposed timeframes.

In this Court's experience, the amount of time allotted to a defendant to produce a list of proposed class members typically is resolved by mutual agreement among the parties. Indeed, the parties should be aware that they are required to meet and confer in advance of presenting any motion to the Court. See Standing Orders ¶ 5, 31. In the instant case, however, there is no indication that the parties have complied with this requirement. Therefore, the parties are directed to meet and confer regarding a mutually acceptable amount of time for Sephora to provide a list of potential class members to Plaintiff.

### 2. Dissemination of Class List

Sephora contends that either it or a neutral third party should disseminate the class notice in order to protect the privacy interests of putative class members. However, this Court previously rejected an identical argument made in an FLSA action. See Stanfield, 2006 WL 3190527 at *5; accord Khalilpour v. CELLCO P'ship, C 09-02712 CW, 2010 WL 1267749, at *3 (N.D. Cal., Apr. 1, 2010) ("the disclosure of names, addresses, and telephone numbers is common practice in the class action context because it does not involve revelation of personal secrets, intimate activities, or similar private information, which have been found to be serious invasions of privacy"); see also Algee v. Nordstrom, Inc., C 11-301 CW, 2012 WL 1919134, at *1 (N.D. Cal., May 25, 2012) (finding that privacy concerns did not preclude disclosure of class members' contact information to plaintiff) (Wilken, J.). Therefore, the Court finds that Plaintiff's counsel may disseminate notice to the class.

### 3. Amount of Time to Opt-In

Plaintiff requests that the Court set a ninety day notice period during which potential class members may opt-in, while Sephora proposes a forty-five day opt-in period. Though opt-in periods vary, timeframes of sixty to ninety days appear to have become the presumptive standard in this District. Gee v. Suntrust Mortg., Inc., No. C-10-1509 RS, 2011 WL 722111, at *4 (N.D. Cal., Feb. 18, 2011) (ninety day opt-in period for mortgage underwriters) (Seeborg, J.); Luque, 2010 WL 4807088, at *7 (sixty day opt-in period telephone company field managers) (Breyer, J.); Lewis v. Wells Fargo & Co., 669 F. Supp.

2d 1124, 1126 (N.D. Cal. 2009) (seventy-five day opt-in period for bank's information technology employees) (Wilken, J.); Stanfield, 2006 WL 3190527, at *6 (sixty day opt-in period for loan officers) (Armstrong, J.). However, a longer period may be appropriate in cases where the prospective class may be difficult to locate. E.g., Carrillo v. Schneider Logistics, Inc., No. CV 11-8557 CAS (DTBx), 2012 WL 556309, at *15 (C.D. Cal., Jan. 31, 2012) (180-day opt-in period appropriate for class of low-income migrant workers).

Sephora contends that a forty-five -day opt-in period will expedite the action. In contrast, Plaintiff contends that a longer notice period is warranted, allegedly because putative class members "work long stretches from home and additional time is needed to ensure that they receive adequate notice of their right to participate in this case." Reply at 10. However, Plaintiff provides no evidentiary support for her assertion. In any event, the Court finds that a notice period of sixty days sufficiently balances both parties' concerns and is reasonable under the circumstances presented. See Stanfield, 2006 WL 3190527, at *6.

### 4. Subsequent Notices

Plaintiff proposes sending out a second notice prior to the expiration of the opt-in period to remind potential class members that their deadline to opt-in is coming due. Sephora contends that a second notice could be interpreted as encouragement by the Court to join the lawsuit. However, such concerns are uncompelling, given that the second notice will be disseminated by Plaintiff's counsel, not the Court. That aside, courts have recognized that a second notice or reminder is appropriate in an FLSA action since the individual is not part of the class unless he or she opts-in. See Harris, 716 F. Supp. 2d at 847 (approving post-card reminder); see also Gee, 2011 WL 722111, at *4 (approving reminder notice to be sent forty-five days after initial notice sent). The Court therefore authorizes Plaintiff to send a second notice, identical to the first, thirty days after the issuance of the first notice.

### 5. Content of Notice

The FLSA requires courts to provide potential plaintiffs "accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." Hoffmann-La Roche, 493 U.S. at 170. Additionally, "[i]n exercising the discretionary authority to oversee the notice-giving process, courts must be scrupulous to respect judicial neutrality. To that end, trial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action." Id. at 174.

Plaintiff has provided a copy of her proposed notice along with the instant motion. Pl.'s Ex. 18. In response, Sephora has provided a "redlined" version of the proposed notice which sets forth its proposed revisions. Plaintiff responds that "[m]any of the changes proposed by Defendant are reasonable and have been incorporated in the revised proposed notice…." Reply at 12. Nonetheless, two areas remain in dispute.

#### a) "Costs Associated with Suit"

Sephora proposes adding a section to the notice entitled "Costs Associated With This Suit." Opp'n Ex. A. In essence, this section states that if Plaintiff does not prevail, class members may be subject to a proportional share of costs, as well as sanctions under Rule 11 of the Federal Rules of Civil Procedure in the event the Court finds that Plaintiff has violated that rule. Citing out-of-district authority, Plaintiff expresses concern that the proposed language will dissuade potential class members from opting in. In Stanfield, however, this Court recognized that "potential Plaintiffs should be made aware of any fees or costs for which they may be liable before opting in to the lawsuit." 2006 WL 3190527 at *5. As in Stanfield, "[t]he parties are ordered to meet and confer to draft a mutually acceptable provision explaining potential costs that Plaintiffs may incur." Id.

#### b) "Effect of Joining Suit"

Sephora also has proposed a section titled "Effect of Joining Lawsuit." Among other things, this section informs putative class members that if they opt-in, they, inter alia: will be bound by the judgment "whether it is favorable or unfavorable"; "may be required to provide information, sit for depositions and testify in court"; and will be represented by

- 11 -

1 Plaintiff's counsel, who will be paid on a contingency fee basis, and will be bound by
2 decisions made by them. Def. Mot., Ex. A.
3       Plaintiff again relies on out-of-district authority for the proposition that it is
4 unnecessary to include information regarding putative class members' potential litigation
5 obligations. There is authority from this District, however, recognizing the propriety of
6 including such information to adequately advise the potential class regarding the litigation.
7 E.g., Luque, 2010 WL 4807088, at *7 ("it is appropriate to include a statement that class
8 members might 'be required to provide information,' and so the Court adds such a
9 statement to the Notice.").
10       The Supreme Court has specified that court-approved notice in a FLSA action must
11 be "timely, accurate, and informative" to enable potential class members to make
12 "informed decision[s]" as to whether to join the lawsuit. Hoffman-La Roche, 493 U.S. at
13 172. In light of that directive, the Court is persuaded that it is appropriate to include some
14 information in the Notice informing class members of possible obligations in the event they
15 elect to opt-in. Nonetheless, the language set forth in Sephora's proposed modification is
16 somewhat verbose and duplicative of the "Costs Associated with This Suit" section.
17 Therefore, the parties are directed to meet and confer to draft mutually agreeable language
18 for inclusion in the "Effect of Joining Lawsuit" section.

19 **III.   CONCLUSION**
20       For the reasons stated above,
21       IT IS HEREBY ORDERED THAT:
22       1.    Plaintiff's Motion for Conditional Certification is GRANTED.
23       2.    Within five (5) days of the date this Order is filed, the parties shall meet and
24 confer regarding: (a) the timeframe for Sephora to provide Plaintiff's counsel a list of
25 potential class members; and (b) mutually acceptable language for inclusion in the "Costs
26 Associated With This Suit" and "Effect of Joining Lawsuit" sections of the Notice. Within
27 fourteen (14) days of the date this Order is filed, the parties shall submit their proposed
28 deadline for Sephora for provide a list of potential class members to Plaintiffs and their

1 | revised, proposed Class Notice, along with a proposed order approving the same. If the
2 | parties are unable to reach an agreement, each shall individually submit its proposed
3 | deadline and notice for the Court's consideration.

4 |       2.      Within twenty (20) days of the date the Court approves the amended Class
5 | Notice, Notice shall be disseminated by Plaintiff's counsel or their agent. The opt-in period
6 | shall be limited to sixty (60) days from the date Notice is disseminated to the Class.
7 | Plaintiff is authorized to send a second Notice, identical to the first, no later than thirty (30)
8 | days after the issuance of the first Notice.

9 |       3.      This Order terminates Docket 27.

10 | IT IS SO ORDERED.

11 | Dated: July 17, 2012

                                           SAUNDRA BROWN ARMSTRONG
                                           United States District Judge