**FIBICH, HAMPTON, LEEBRON,**
**BRIGGS & JOSEPHSON, L.L.P.**
Michael Josephson
(*pro hac vice*)
Texas Bar No. 24014780
mjosephson@fhl-law.com
1150 Bissonnet
Houston, TX 77005
(713)751-0025 (Telephone)
(713)751-0030 (Facsimile)

**BRYAN SCHWARTZ LAW**
BRYAN SCHWARTZ (SBN 209903)
Bryan@BryanSchwartzLaw.com
1330 Broadway, Suite 1630
Oakland, CA  94612
(510) 444-9300 (Telephone)
(510) 444-9301 (Fax)

**ATTORNEYS FOR PLAINTIFFS**

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **REBECCA SANCHEZ, individually and on behalf of all others similarly situated;**<br><br>**Plaintiffs,**<br><br>vs.<br><br>**SEPHORA USA, INC.**<br><br>**Defendant.** | **Case No. CV 11 3396 SBA**<br><br>**PLAINTIFFS' UNOPPOSED MOTION IN SUPPORT OF APPROVAL OF SETTLEMENT UNDER FAIR LABOR STANDARDS ACT AND FOR CONDITIONAL DISMISSAL**<br><br>**Hearing Date:  May 20, 2014 - 1:00 PM**<br>**Hon. Saundra Brown Armstrong** |

## I.  INTRODUCTION

This is a lawsuit to recover unpaid overtime wages brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*  Plaintiff Rebecca Sanchez ("Plaintiff") filed this lawsuit against Defendant Sephora USA, Inc. ("Defendant" or "Sephora") alleging that she and current and former Specialists were improperly classified as exempt and as a result were not paid overtime compensation for all hours worked in excess of forty hours per week.  The Court conditionally certified this lawsuit as a collective action on July 18, 2012.

After months of discovery and exchanging information, the parties have agreed to resolve the claims at issue for $175,756.85, inclusive of attorneys' fees and costs.  The specific terms of the settlement are set forth in the attached Stipulation as Exhibit A.  As the Stipulation indicates, there are no issues or claims being asserted under Fed. R. Civ. P. 23 and there are no absent class members. Instead, only the Plaintiff and the Opt-In Plaintiffs who affirmatively joined this lawsuit are impacted by the settlement.

This settlement the result of arm's length bargaining by competent counsel with extensive wage and hour experience, and a high level of familiarity and understanding of the relevant facts and legal issues applicable to these cases. The parties believe that the settlement is fair and reasonable and in the best interests of the Class Members. The parties also believe that the settlement resolves *bona fide* disputes between the parties, including whether Defendant's payment practices violated the FLSA.

## II.  GENERAL TERMS

As described above, Plaintiff and Defendant have agreed to settle this matter for $175,756.85, inclusive of attorneys' fees and costs.  The specific details of the settlement are set forth in Exhibit A.

**A. <u>Settlement Amount and Distribution</u>**

The proposed settlement obligates Defendant to pay a maximum potential settlement amount of $175,756.85. From this amount, all claims, including claims for attorneys' fees and costs, will be deducted.

The gross settlement amount of $175,756.85 will be disbursed as follows:

- Attorneys' fees (33.3%):     $58,527.03
- Litigation costs:            $12,000.00
                     **Total   $70,527.03**

The deduction of attorneys' fees and costs produces a "Settlement Sum Variable" in the amount of $105,229.82. The parties will divide this amount by the total number of Qualifying Work Weeks for the Plaintiffs. This will produce a work week value.

The Plaintiffs will be compensated based on his/her workweeks as a Specialist during his/her applicable statutory time period. The following formulas will be used for the distribution of any compensation to the Plaintiffs:

**Weeks Worked x Workweek Amount = Payment**

> Fifty percent (50%) of the total payment to that Participating Claimant shall be deemed payment in settlement of claims for unpaid overtime or other wages and is subject to appropriate deductions and withholdings for wages by the Claims Administrator. Fifty percent (50%) shall be deemed payment in settlement of claims for liquidated damages, interest, and all other non-wage income.

The spreadsheet attached as Exhibit B describes the compensation that each Plaintiff is expected to receive based on the formula negotiated by the parties. In order to protect the privacy of the specific Plaintiff, the names of the individuals have been redacted.

**B. <u>Release</u>**

In exchange for the settlement, the Plaintiffs will release Defendant from all wage related claims asserted or that could have been asserted in this lawsuit. Exhibit A(4) specifically describes the

scope of the wage and hour release.

## III. COURT APPROVAL

The parties are now seeking Court of approval of this proposed settlement under the FLSA only. *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945)(requiring Court or Department of Labor approval for FLSA settlements, and explaining the low standard for judicial review when the parties are represented by counsel)*; Camp v. The Progressive Corp, et al*, 2004 WL 2149079 (E.D. La. 2004); *see also Evans v. Jeff D.*, 475 U.S. 717. 726-27 (1986)( in deciding whether the proposed settlement reflects a "reasonable compromise" of a bona fide dispute, the Court may either accept or reject it, but should not require the parties to accept any revisions or modifications to the agreement).

The parties believe that the terms and conditions of this Settlement are fair, reasonable, adequate, beneficial and in the best interests of the Plaintiffs. As noted above, this proposed settlement was reached following extensive discovery and briefing concerning the merits of the case. Because of the various defenses asserted by Defendant and the possibility that Defendant may have successfully defeated some or all of Plaintiffs' claims, including those claims related to willfulness, liquidated damages and compensation for unpaid overtime, the parties believe that the settlement represents a fair compromise of the claims. Moreover, given the strong likelihood that absent a settlement, this case would have proceeded to trial, a compromise of the claims prevents all parties from incurring the additional costs and delay associated with trial and appeal.

## IV. CONDITIONAL DISMISSAL

Plaintiff requests the Court enter a conditional dismissal motion and that, upon the Court's receipt of a joint motion to dismiss to be filed no later than 60 days after the disbursement of the balance

of the payments as specified in the attached Stipulation, the Court enter a final order dismissing with prejudice the claims of all Plaintiffs in this lawsuit according to the terms of the Stipulation.

## V.     CONCLUSION

For all of the foregoing reasons, Plaintiff requests that this Court (a) approve the FLSA settlement, including all of the terms set forth in the attached Stipulation; and (b) enter the Order attached hereto as Exhibit A(3).

**FIBICH, HAMPTON, LEEBRON, BRIGGS & JOSEPHSON, LLP**

Dated: April 14, 2014

/s/ *Michael A. Josephson*
Michael A. Josephson
Attorney for Plaintiffs

**DECLARATION OF SERVICE**

I declare that I am employed in the County of Harris, State of Texas. I am 18 years of age or older and not a party to the within entitled cause; my business address is 1150 Bissonnet, Houston, Texas 77005. On this date, I served a true and correct copy of **PLAINTIFFS' UNOPPOSED MOTION IN SUPPORT OF SETTLEMENT UNDER FAIR LABOR STANDARDS ACT AND FOR CONDITIONAL DISMISSAL**), by placing a true copy thereof enclosed in a sealed envelope and served as follows:

__X__        United States mail by placing such envelope(s) with postage fully prepaid in the designated area for outgoing mail in accordance with this office's practice, whereby the mail is deposited in a United States mailbox in the City of Houston, Texas, after the close of the day's business.

_____        E-mail by delivering on the parties listed herein at their most recent known e-mail address or email of record in this action.

_____        Express Mail

_____        Facsimile

_____        Personal Service

_____        Express Service Carrier by depositing in a box or other facility regularly maintained by the express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with deliver fees paid or provided.

Said envelope was addressed to the party/parties and/or counsel as indicated below:

　　　Andrew R. Livingston
　　　Brooke Arena
　　　Aubry R. Holland
　　　**Orrick, Herrington & Sutcliffe LLP**
　　　The Orrick Building
　　　405 Howard Street
　　　San Francisco, CA 94105

I declare under penalty of perjury the foregoing is true and correct, and that this declaration was executed at Houston, Texas, on April 14, 2014.

　　　　　　　　　　　　　　　　　　　　　*/s/ Mirna Estopier-Ayala*
　　　　　　　　　　　　　　　　　　　　　Mirna Estopier-Ayala