EXHIBIT A

1    Attorneys Listed on the Following Page

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                          OAKLAND DIVISION

11

12   REBECCA SANCHEZ, individually and on          Case No. CV 11 3396 SBA
     behalf of all others similarly situated,
13                                                 **STIPULATION RE: SETTLEMENT OF**
                     Plaintiff,                    **COLLECTIVE ACTION**
14
            v.
15                                                 Judge: Hon. Saundra Brown Armstrong
     SEPHORA USA, INC.,
16
                     Defendant.
17

18

19

20

21

22

23

24

25

26

27

28

1   **FIBICH, HAMPTON, LEEBRON,**
2   **BRIGGS & JOSEPHSON, L.L.P.**
    Michael Josephson
3   (*pro hac vice*)
    Texas Bar No. 24014780
4   mjosephson@fhl-law.com
    1150 Bissonnet
5   Houston, TX 77005
    (713)751-0025 (Telephone)
6   (713)751-0030 (Facsimile)

7   **BRYAN SCHWARTZ LAW**
8   Bryan Schwartz (State Bar No. 209903)
    Bryan@BryanSchwartzLaw.com
9   180 Grand Avenue, Suite 1550
    Oakland, CA 94612
10  (510) 444-9300 (Telephone)
11  (510) 444-9301 (Fax)

12  ATTORNEYS FOR PLAINTIFF
    REBECCA SANCHEZ AND THE
13  OPT-IN PLAINTIFFS

14

15  **ORRICK, HERRINGTON & SUTCLIFFE LLP**
    Andrew R. Livingston (State Bar No. 148646)
16  Brooke D. Arena (State Bar No. 238836)
    Aubry R. Holland (State Bar No. 259828)
17  The Orrick Building
    405 Howard Street
18  San Francisco, CA 94105
    Telephone: (415)773-5700
19  Facsimile: (415) 773-5759
    Email: alivingston@orrick.com
20  Email: barena@orrick.com
    Email: aholland@orrick.com
21

22  ATTORNEYS FOR DEFENDANT
    SEPHORA USA, INC.
23

24

25

26

27

28

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff Rebecca Sanchez ("Plaintiff") on behalf of herself and all Opt-In Plaintiffs, on the one hand, and Defendant Sephora USA, Inc. ("Sephora") on the other hand (collectively "Settling Parties"), as set forth below:

## 1.    THE CONDITIONAL NATURE OF THIS STIPULATION

This Stipulation Re: Settlement of Collective Action and all associated exhibits or attachments (herein "Stipulation") is made for the sole purpose of attempting to consummate settlement of this action on a collective basis. This Stipulation and the settlement it evidences are made in compromise of disputed claims. Because this action was pled as a collective action and because this settlement will result in the release of claims under the Fair Labor Standards Act (as well as other laws and theories), this settlement must receive approval from the Court. Accordingly, the Settling Parties enter into this Stipulation and associated settlement on a conditional basis. In the event that the Court does not execute and file the Order Granting Approval of Settlement, this Stipulation shall be deemed null and void *ab initio*, it shall be of no force or effect whatsoever, it shall not be referred to or utilized for any purpose whatsoever, and the negotiation, terms, and entry of the Stipulation shall remain subject to the provisions of Federal Rule of Evidence 408 and California Evidence Code Sections 1119 and 1152.

Sephora denies all of the claims as to liability, damages, penalties, interest, fees, restitution and all other forms of relief as well as the allegations that Plaintiff has asserted against it in *Sanchez v. Sephora USA, Inc.* (N.D. Cal. Case No. CV 11 3396 SBA) (the "Litigation"). Sephora has agreed to resolve the Litigation via this Stipulation, but to the extent this Stipulation is disapproved by the Court, deemed void, or does not otherwise take effect, Sephora does not waive, but rather expressly reserves, all rights to challenge all such claims and allegations in the Litigation upon all procedural and factual grounds, including without limitation the ability to (a) challenge class or collective action treatment on any grounds; and (b) assert any and all defenses or privileges. Plaintiff and Class Counsel agree that Sephora retains and reserves these rights, and agree not to take positions to the contrary; for example, Plaintiff and Class Counsel agree not to

1    argue or present any argument, and hereby waive any argument, that Sephora could not contest

2    class or collective action certification on any grounds if this Litigation were to proceed.

3    **2.**      **THE PARTIES TO THIS STIPULATION**

4          This Stipulation (with the associated exhibits) is made and entered into by and among the

5    following Settling Parties: (i) Plaintiff Rebecca Sanchez on behalf of herself and all Opt-In

6    Plaintiffs, with the assistance and approval of Class Counsel; and (ii) Sephora, with the assistance

7    of its counsel. This Stipulation is intended by the Settling Parties to fully, finally and forever

8    resolve, discharge and settle the Released Claims upon and subject to the terms and conditions

9    hereof. This Stipulation is also intended to result in the dismissal with prejudice of the underlying

10   Litigation as set forth herein.

11   **3.**      **THE LITIGATION**

12         On July 7, 2011, Plaintiff filed a putative collective action against Sephora (entitled

13   *Sanchez v. Sephora USA, Inc.*, N.D. Cal. Case No. CV 11 3396 SBA).  On August 3, 2011,

14   Plaintiff filed a first amended complaint, which alleges that Sephora violated the federal Fair

15   Labor Standards Act ("FLSA") by purportedly misclassifying its employees called "Specialists"

16   as exempt employees and, from this, Plaintiff alleges that Sephora failed to pay her and the other

17   Specialists all wages due and failed to properly record their hours worked.

18         Sephora denies Plaintiff's allegations and contends that it properly classified the

19   Specialists as exempt and compensated these Specialists lawfully and fairly.  On August 22,

20   2011, Sephora filed its answer to Plaintiff's amended complaint denying all material allegations

21   in the Litigation.  Sephora filed an amended answer on November 4, 2011.  On December 29,

22   2011, Plaintiff filed a Motion for Conditional FLSA Collective Action Certification, seeking

23   conditional certification.  Sephora filed its opposition on January 31, 2012, Plaintiff replied on

24   February 14, 2012, and Sephora filed a sur-reply on June 8, 2012.  The case was conditionally

25   certified as a "collective" action under Section 216(b) of the FLSA pursuant to an Order entered

26   by this Court on July 18, 2012.

27         In its Order, the Court required a Notice to be sent to all putative class members.  A copy

28   of the Court-approved "Notice of Pending Fair Labor Standards Act Action" (the "Notice") is

attached as **Exhibit No. 1**.  This Court-approved Notice specifically informed each putative class member that, if they elected to sign and file a "Consent Form To Become a Party Plaintiff" ("Consent Form"), then they agreed to "designate the above representative Plaintiff and her attorneys as my agent to make decisions on my behalf concerning the litigation, the manner and method of conducting this litigation, attorney's fees and costs and all other matters pertaining to this lawsuit."  This Notice was sent to 723 putative class members on August 20, 2012.  Sixty-eight of these putative class members had opted in as additional Plaintiffs before the Court-ordered deadline.  Five additional putative class members asked to opt-in after the deadline had passed, and the parties have consented to include these putative class members as additional Opt-In Plaintiffs.  A list of the 73 Opt-In Plaintiffs is attached as **Exhibit No. 2**.  Each of these 73 Opt-In Plaintiffs filed a Consent Form in which they appointed Plaintiff Sanchez and her attorneys as their agent for purposes of this Litigation.  The parties agree that the Opt-In Plaintiffs, through their Consent Forms, have authorized Plaintiff Sanchez and her attorneys to enter into this Stipulation on their behalf.

Following the exchange of discovery, including payroll data related to all Opt-In Plaintiffs, the Settling Parties engaged in an extensive arms-length negotiation.  As part of this process, the Settling Parties exchanged a significant amount of information and documentation through the discovery process.  The Settling Parties then reached the agreement reflected herein.  This Stipulation is intended to result in the creation of a collective action Settlement Class that includes Plaintiff and all Opt-In Plaintiffs.  This Stipulation, if approved by the Court, will result in the dismissal with prejudice of the Litigation, and the waiver and release of all Released Claims for all Settlement Class Members.

4.   **DEFENDANT'S DENIAL OF WRONGDOING OR LIABILITY**

Sephora denies all of the claims and contentions alleged by the Plaintiff in this case.  Nonetheless, Sephora has concluded that further conduct of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation.  Sephora has also taken into account the uncertainty and risks inherent in any litigation, especially in national, collective

- 3 -

1  action cases like this Litigation. Sephora has therefore determined that it is desirable and

2  beneficial to it that the Litigation be settled in the manner and upon the terms and conditions set

3  forth in this Stipulation.

4  **5.      CLAIMS OF PLAINTIFF AND BENEFITS OF SETTLEMENT**

5        Plaintiff and Class Counsel believe that the claims presently asserted in the Litigation

6  have merit.  However, Plaintiff and Class Counsel recognize and acknowledge the expense and

7  length of the type of continued proceedings necessary to prosecute the Litigation against Sephora

8  through trial and through appeals. Plaintiff and Class Counsel have also taken into account the

9  uncertain outcome and the risk of any litigation, as well as the difficulties and delays inherent in

10  such litigation, especially in collective action litigation. Based upon their evaluation, Plaintiff and

11  Class Counsel have determined that the settlement set forth in the Stipulation is in the best

12  interests of Plaintiff and the Class.

13  **6.      TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT**

14        NOW, THEREFORE, IT IS HEREBY FURTHER STIPULATED AND AGREED by and

15  between the Plaintiff on behalf of herself and all Opt-In Plaintiffs, on one hand, and Sephora on

16  the other hand, with the assistance of their respective counsel or attorneys of record, that, as

17  among the Settling Parties, including all Settlement Class Members, the Litigation and the

18  Released Claims shall be finally and fully compromised, settled, and released, and the Litigation

19  shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and

20  conditions of the Stipulation.

21        **A.      Definitions.**

22        As used in all parts of this Stipulation, the following terms have the meanings specified

23  below:

24        1.1.1        "Class" means Plaintiff Sanchez, as well as all Opt-In Plaintiffs who were

25  employed by Sephora as Specialists between July 11, 2008 and August 20, 2012 (the "Class

26  Period") and were paid a salary with no overtime compensation.

27        1.1.2        "Class Counsel" means, collectively, the law firms of Fibich, Hampton,

28  Leebron, Briggs & Josephson, L.L.P., and Bryan Schwartz Law.

SETTLEMENT STIPULATION
CV 11 3396 SBA

1.1.3        "Class Period" means the time period specified in the definition of "Class".

1.1.4        "Court" means the United States District Court for the Northern District of California (Oakland Division).

1.1.5        "Effective Date" means the date on which the Court enters the Order of Approval pursuant to this Stipulation.

1.1.6        "Last Known Address" or "Last Known Addresses" means the most recently recorded mailing address for a Class Member as such information is contained in the employment records maintained by Sephora.

1.1.7        "Litigation" or "Lawsuit" means the case captioned *Sanchez v. Sephora USA, Inc.*, N.D. Cal. Case No. CV 11 3396 SBA, in the United States District Court for the Northern District of California.

1.1.8        "Maximum Settlement Amount" means the maximum gross amount that Sephora shall pay under the terms of this Stipulation, which is $175,756.85.  The specific components of this Maximum Settlement Amount are (a) Settlement Sums due to individual Class Members; (b) all attorneys' fees for Class Counsel as approved by the Court, which will not exceed 33.3% of the Maximum Settlement Amount; and (c) Class Counsel's costs as approved by the Court, which will not exceed $12,000.00.

1.1.9        "Order of Approval" or "Order Granting Approval of Settlement" or "Approval Order" means an order to be entered and filed by the Court substantially in the form attached hereto as **Exhibit No. 3**, entitled "Order Determining Good Faith and Granting Approval of Settlement."

1.1.10       "Opt-In Plaintiff" means each individual who received the Court-approved Notice of this Litigation and subsequently submitted a "Consent Form to Become a Party Plaintiff" to the Court in order to opt into this Litigation as an additional Plaintiff.  *See* **Exhibit No. 2** (List of All Opt-In Plaintiffs).

1.1.11       "Payroll Taxes" shall mean the payroll taxes and associated payments that an employer is required to make when making standard wage payments to employees, i.e., the employer's share of the payroll tax.

1.1.12      "Person" means a natural person.

1.1.13      "Plaintiff" means Rebecca Sanchez, named plaintiff in the Litigation.

1.1.14      "Qualifying Work Week" is any calendar week during the Class Period for which a Class Member received payment from Sephora for active work (as opposed to vacation or leave time) that the Class Member performed as a Specialist anywhere in the United States. The Qualifying Work Week shall be the work week variable used to calculate the Settlement Sum

1.1.15      "Released Claims" means any and all claims, including without limitations Unknown Claims, demands, rights, liabilities, and causes of action of every nature and description whatsoever, including without limitation statutory, constitutional, contractual or common law claims, whether arising under federal or state or other law, against the Sephora Releasees, or any of them, accruing at any point prior to the Effective Date and arising out of the Class Member's employment by any Sephora Releasee as a Specialist, for failure to pay any types of wages, including without limitation, claims for failure to pay regular, overtime or premium wages; failure to pay for standby time; failure to pay all compensation due and owing at termination; failure to provide meal and rest break periods or premiums in lieu thereof; failure to provide complete or accurate wage statements; and any associated remedies such as liquidated damages, penalties, interest, fees, costs or any other remedies. Released Claims include without limitation all wage and hour claims under the Fair Labor Standards Act ("FLSA"); the Portal to Portal Act; and/or any applicable statutes, laws or regulations of any state or local government, including without limitation California Labor Code limitation sections 203, 218, 218.5, 226, 226.7, 512, 1194 and 2698 et seq.; and California Business and Professions Code §§ 17200, et seq. and to the extent not covered above, any claims pled in or reasonably arising out of the Lawsuit.

1.1.16      "Sephora" means Sephora USA, Inc., Defendant in this Litigation.

1.1.17      "Sephora Releasees" means Sephora and all of Sephora's employees, investors, parents, affiliates, subsidiaries, predecessors, successors, divisions, joint ventures and assigns, other related or affiliated entities/persons and each of the forgoing entities' past or present owners, directors, officers, employees, partners, members, principals, agents, insurers, co-

insurers, re-insurers, shareholders, attorneys, employee benefit plans, employee benefit plan trustees, fiduciaries, administrators, personal or legal representatives.

1.1.18     "Settlement Class" means the group comprising Plaintiff and each of the Opt-In Plaintiffs.

1.1.19     "Settlement Class Member", "Member of the Settlement Class", "Class Member", or "Member of the Class" means any Person who is a member of the Settlement Class.

1.1.20     "Settlement Sum" means the total amount due to an individual Settlement Class Member, which shall be the product of the Settlement Sum Variable multiplied by the number of Qualifying Work Weeks worked by that Participating Claimant. Because of the withholdings and other tax adjustments described in Paragraphs 2.1.2, 2.1.3, and 2.2.1, the net amount ultimately received by each Participating Claimant will be less than his or her Settlement Sum.

1.1.21     "Settlement Sum Variable" means $175,756.85, reduced by the amount of attorneys' fees and costs awarded by the Court, then divided by the total number of Qualifying Work Weeks in the Class Period for all Settlement Class Members.

1.1.22     "Settling Parties" means (a) Sephora, on the one hand; and (b) Plaintiff on behalf of herself and all Opt-In Plaintiffs, on the other hand.

1.1.23     "Specialist" means all employees of Sephora with the job title Specialist, as that term is commonly used at Sephora.

1.1.24     "Stipulation" means this agreement, the "Stipulation Re: Settlement of Collective Action," and all of its attachments and exhibits, which the Settling Parties understand and agree sets forth all material terms and conditions of the settlement between them, and which is subject to Court approval. It is understood and agreed that Sephora's obligations for payment under this Stipulation are conditioned on, *inter alia*, the occurrence of the Effective Date.

1.1.25     "Unknown Claims" means any Released Claims which any Settlement Class Member does not know or suspect to exist in his or her favor at the time of the entry of the Judgment, and which, if known by him or her might have affected his or her settlement with and release of Sephora. With respect to any and all Released Claims, the Settling Parties stipulate and

SETTLEMENT STIPULATION
CV 11 3396 SBA

agree that, upon the Effective Date, each Settlement Class Member shall have expressly waived

the provisions, rights, and benefits of California Civil Code § 1542 or any like provision of the

law of any other pertinent jurisdiction. California Civil Code § 1542 provides:

> A general release does not extend to claims which the creditor does
> not know or suspect to exist in his or her favor at the time of
> executing the release, which if known by him or her must have
> materially affected his or her settlement with the debtor.

Each Settlement Class Member may hereafter discover facts in addition to or different

from those which he or she now knows or believes to be true with respect to the subject matter of

the Released Claims, but each Settlement Class Member, upon the Effective Date, shall be

deemed to have, and by operation of the dismissal with prejudice of the Lawsuit shall have, fully,

finally, and forever settled and released any and all Released Claims, known or unknown,

suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden,

which then exist, or have existed, upon any theory of law or equity now existing or coming into

existence in the future, including, but not limited to, conduct which is negligent, intentional, with

or without malice, or a breach of any duty, law or rule, without regard to the subsequent

discovery or existence of such different or additional facts. The Plaintiff, on behalf of herself and

all Opt-In Plaintiffs, acknowledges that the foregoing waiver was separately bargained for and a

key element of the settlement of which this release is a part. For the sake of clarity, Unknown

Claims include only claims that meet the definition of Released Claims and therefore include only

claims for failure to pay any types of wages under state and federal and other applicable law.

**B.**      **The Settlement.**

2.1      *Consideration to Settlement Class Members*

2.1.1      Within five (5) days of the Approval Date, Class Counsel shall distribute to

each Opt-In Plaintiff the "Confidential Waiver and Release," substantially in the form attached

hereto as **Exhibit No. 4**.  Opt-In Plaintiffs who return a valid and executed Confidential Waiver

and Release to Sephora within forty-five (45) days of the Approval Date shall be entitled to

receive a Settlement Sum pursuant to the Stipulation.  Within seventy-five (75) days of the

Approval Date, Sephora, according to the terms, conditions, and procedures set forth in Section

2.4 of this Stipulation, shall pay the appropriate Settlement Sum to each Settlement Class Member who has timely returned to Sephora a valid and executed Confidential Waiver and Release.

2.1.2    The Settlement Sum shall be allocated for reporting reasons as follows: (i) one-half of each payment will be reported as wage income, i.e., a payment in settlement of claims for unpaid wages, which will be subject to legally required withholdings (thereby causing the net amount paid to be less than the gross amount owed); and (ii) the other half will be reported as non-wage income, i.e., a payment in settlement of claims for interest, penalties, and/or liquidated damages, which will not be subject to withholdings. Other than this reporting, which Sephora will undertake, Settlement Class Members will be entirely responsible for any tax obligations associated with these payments. It is understood and agreed that Sephora has made no representations concerning the tax implications of any payments to be made pursuant to this Stipulation. As set forth below, each Settlement Class Member will receive his or her Settlement Sum only after the Approval Date has occurred, Class Counsel has provided the Settlement Class Member with notice of the settlement and instructions on his or her rights and responsibilities relating to the settlement, and he or she has executed and returned to Sephora a Confidential Waiver and Release (*see* **Exhibit No. 4**).

2.1.3    Each Settlement Class Member shall be entitled to his or her respective Settlement Sum only. If any Settlement Class Member does not timely submit a valid and executed Confidential Waiver and Release, the portion of the Net Settlement Amount allocated to that Settlement Class Member shall remain the property of Sephora, and any finding to the contrary may be a ground for Sephora to void this Stipulation. This Stipulation does not and will not create any unpaid residue or unpaid residual, and no distribution of such shall be required. Any finding to the contrary will give Sephora the option to void this Stipulation.

2.2    *Taxes*

2.2.1    Those payments (or portions thereof) allocated to the settlement of claims for unpaid wages (a) shall be subject to required withholdings and deductions, and so the net amounts payable will be less than the gross amounts; and (b) shall be reported in the year of

payment as wage income to Settlement Class Members on a Form W-2 or analogous form. Those payments (or portions thereof) allocated to all other claims, including without limitations claims for penalties, liquidated damages, interest and other non-wage recovery (a) shall not be subject to withholdings and deductions, and so the net amounts payable will be equal to the gross amounts; and (b) shall be reported in the year of payment as non-wage income to the Settlement Class Members on a Form 1099 or analogous form. The Payroll Taxes on the wage portion of these payments shall be paid through a downward adjustment to the Settlement Sum of each Settlement Class Member equal to the amount required to be paid. Other than as set forth above, Sephora will not, unless otherwise required by law, make, from the Settlement Sum of each Settlement Class Member, any deductions, withholdings or additional payments, including without limitation, medical or other insurance payments or premiums, employee 401(k) contributions or matching employer contributions, wage garnishments, or charity withholdings, and entry of the Order of Approval by the Court shall be deemed authority not to make such deductions, withholdings, or additional payments. Any amount paid to Settlement Class Members shall not create any credit or otherwise affect the calculation of any deferred compensation, benefit, or other compensation plan provided by Sephora.

2.3       *Approval & Dismissal*

2.3.1          Only Settlement Class Members who have timely submitted to Sephora valid and executed Confidential Waiver and Releases shall be entitled to receive payment pursuant to the settlement, i.e., their Settlement Sums.  Any putative class members who have not opted into this Litigation and any Opt-In Plaintiffs who do not execute and return to Sephora a Confidential Waiver and Release shall be excluded from the Settlement Class, shall be deemed to have forever waived their rights to be Settlement Class Members and to receive payment under this settlement, shall have no further role in the Litigation, and for all purposes shall be regarded as if they never were parties to this Litigation.

2.3.2          The Settling Parties shall make all reasonable efforts to secure entry of the Order of Approval and, once the settlement funds have been distributed, to secure a dismissal with prejudice of the Lawsuit.  If the Court rejects the Stipulation or fails to approve and also

1    enter the Order of Approval, this Stipulation shall be void *ab initio* and Sephora shall have no

2    obligations to make any payments under the Stipulation. In the event that the Stipulation becomes

3    void for this or any other reason, Sephora retains all rights to challenge all claims and allegations

4    in the Litigation upon all procedural and factual grounds, including without limitation the ability

5    to challenge class or collective action treatment on any grounds or assert any and all defenses or

6    privileges.

7          2.4          *Payment to Settlement Class Members*

8          2.4.1          In accordance with the terms of Paragraphs 2.1.1, 2.1.2, and 2.1.3, Sephora

9    shall issue to each Settlement Class Member checks for the gross amount of his or her Settlement

10   Sum, less required deductions and withholdings. These checks shall be provided to Class Counsel

11   for distribution to individual Settlement Class Members on or before the date which is seventy-

12   five (75) days after the Approval Date.

13         2.4.3          Following the mailing of the payments pursuant to Paragraph 2.4.2, Class

14   Counsel shall provide counsel for Sephora with a written confirmation that such payments have

15   been distributed.  Class Counsel agrees to provide Sephora with the current mailing address of

16   each Settlement Class Member.

17         2.5          *Releases and Dismissals*

18         2.5.1          Upon the Approval Date, Plaintiff and each of the Opt-In Plaintiffs shall be

19   deemed to have, and by operation of both the releases contained in this Stipulation and those

20   contained in the Confidential Waiver and Releases shall have fully, finally, and forever released,

21   dismissed with prejudice, relinquished, and discharged all Released Claims.

22         2.5.2          Following the distribution of the Settlement Sums in accordance with

23   Paragraph 2.4 and the payment of costs and attorneys' fees to Class Counsel in accordance with

24   Paragraph 2.6, the parties shall take all reasonable steps to promptly secure dismissal with

25   prejudice of the Lawsuit in its entirety.

26         2.6          *Payment of Costs and Attorneys Fees*

27         2.6.1          Class Counsel shall request the Court to approve an award of reasonable

28   attorney fees and litigation costs and associated expenses. Sephora agrees not to object to a

request by Class Counsel collectively for an award of fees and costs as follows:  (1) a gross

amount up to, but not to exceed, 33.3% of the Maximum Settlement Amount for all attorney fees;

and (2) a gross amount up to, but not to exceed, $12,000.00 for all allowable litigation costs and

associated expenses.  Plaintiff and Class Counsel agree that they shall be responsible for

justifying their requested fee, cost, and expense awards to the Court, and they agree to submit the

necessary materials to justify the requested award along with the Settling Parties' request for

entry of the Approval Order.  Sephora agrees not to oppose any submission regarding, or

requesting approval of, an award of attorney fees, costs, and expenses, provided that it is

consistent with this Paragraph 2.6.1 of this Stipulation and, in particular, provided that Sephora

not be required to pay any more than the Maximum Settlement Amount as defined above for all

Settlement Sums, attorneys fees, costs and expenses combined.  In the event that the Court (or

appellate court) awards less than the requested amount for attorney fees, only the awarded

amounts shall be paid and shall constitute full satisfaction of any claims for attorney fees in this

Litigation.  In the event that the Court (or appellate court) awards less than the requested amount

for litigation costs and associated expenses, only the awarded amounts shall be paid. If the

Approval Date occurs, no more than five (5) days after the Approval Date, Sephora shall make

payment of any attorney fees, costs, and expenses awarded by the Court pursuant to this

Paragraph 2.6.1 to Class Counsel directly by wire transfer, and prior to Sephora making this

payment, Class Counsel shall provide counsel for Sephora with written payment allocation

instructions and the pertinent taxpayer identification numbers for the payees and all necessary

Form W-9s. Other than any reporting of this fee payment as required by this Stipulation or law,

which Sephora shall make, Class Counsel and Plaintiff shall alone be responsible for the reporting

and payment of any federal, state and/or local income or other form of tax on any payment made

pursuant to this paragraph. Payments awarded and made pursuant to this paragraph shall

constitute full satisfaction of any claim for attorney fees, costs, or expenses incurred in this

Litigation, and Plaintiff and Class Counsel, on behalf of themselves and all Settlement Class

Members, agree that they shall neither seek nor be entitled to any additional attorney fees, costs,

or expenses under any theory, nor shall they seek amounts in excess of those specified herein.

1    Other than as provided in this Paragraph 2.6.1 for the limited purpose discussed herein, no party

2    shall be deemed the prevailing party for any other purposes of the Litigation.

3         2.6.2         Unless otherwise expressly provided, Sephora shall have no

4    responsibility for, and no liability whatsoever with respect to, the allocation among Plaintiff,

5    Class Counsel, and/or any other Person who may assert some claim thereto, of any award or

6    payment issued or made in the Litigation or pursuant to this Stipulation, including, but not limited

7    to, any award or payment made pursuant to Paragraph 2.6.1.

8         2.7         *Termination or Voidance of Settlement or Stipulation*

9         2.7.1         Sephora may, at its option, void the Stipulation if one or more of the Opt-In

10   Plaintiffs fails to timely submit to Sephora a valid and executed Confidential Waiver and Release.

11        2.7.2         In the event that the Stipulation is not substantially approved by the Court

12   or the settlement set forth in the Stipulation is terminated, cancelled, declared void or fails to

13   become effective in accordance with its terms, or to the extent termination, cancellation or

14   voiding of the Stipulation occurs as otherwise provided in this Stipulation or for any other lawful

15   or permissible reason, the Settling Parties shall resume the Litigation at that time as if no

16   Stipulation had been entered, with each of the Settling Parties bearing their own costs and fees

17   with regard to the efforts to obtain Court approval, and no payments whatsoever being made by

18   Sephora to anyone in accordance with the terms of this Stipulation.  In such event, any judgment

19   or order entered by the Court in accordance with the terms of the Stipulation shall be treated as

20   retroactively vacated and the Stipulation shall have no further force and effect with respect to the

21   Settling Parties, and shall not be used in this Litigation or in any other proceeding for any

22   purpose, including in relation to issues of class or collective action certification. Specifically, the

23   Plaintiff and Class Counsel agree not to argue or present any argument, and hereby waive any

24   argument, that Sephora could not contest (or is estopped from contesting) venue and/or class or

25   collective action certification on any grounds if this Litigation were to proceed; this Stipulation

26   shall not be deemed an admission by, or ground for estoppel against, Sephora that collective or

27   class action certification in the Litigation is proper or cannot be contested on any grounds. The

28   terms, negotiation, and entry of this Stipulation and the settlement shall remain subject to Federal

Rule of Evidence 408 and California Evidence Code sections 1119 and 1152, regardless of whether this Stipulation or the settlement are terminated, cancelled, or declared void.

2.7.2       Notwithstanding any other provision of this Stipulation, no order of the Court or modification or reversal on appeal of any order of the Court concerning the amount or allocation of any attorney fee or litigation cost or expense awards to be paid by Sephora shall constitute grounds for cancellation or termination of the Stipulation, provided that Sephora shall never be required to pay in excess of the total gross amounts for attorney fees and litigation costs and expenses specified in Paragraph 2.6.1. It is further agreed that no order of the Court, including any order concerning attorney fees, may alter or otherwise increase the Maximum Settlement Amount.

2.7.3       California Code of Civil Procedure section 384 does not apply; any finding that California Code of Civil Procedure section 384 applies to this Stipulation to require payment by Sephora to any third parties is grounds for Sephora to void the settlement.

2.7.4       Unless otherwise ordered by the Court, in the event the Stipulation shall be terminated, cancelled, or declared void, or fails to become effective in accordance with its terms, or if the Approval Order is reversed on appeal, promptly after written notification of such event, Sephora and Class Counsel shall notify each other of this event in writing.

2.8       _Miscellaneous Provisions_

2.8.1       No Person shall have any claim against Class Counsel or counsel for Sephora based on the payments made or other actions taken substantially in accordance with the Stipulation and the settlement contained therein or further orders of the Court.

2.8.2       The Settling Parties (a) acknowledge that it is their intent to consummate this agreement; and (b) agree to exercise their best efforts to obtain Court approval, secure the effectiveness of the Judgment, and implement all terms and conditions of the Stipulation.

2.8.3       The Stipulation compromises claims which are contested in good faith, and it shall not be deemed an admission by any of the Settling Parties as to the merits of any claim or defense. The Settling Parties agree that the amounts paid in settlement and the other terms of the settlement were negotiated at arms-length and in good faith by the Settling Parties, and reflect a

settlement that was reached voluntarily after consultation with competent legal counsel.

2.8.4       Neither the Stipulation nor the settlement, nor any act performed or document executed pursuant to, or in furtherance of, the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability by any Sephora Releasee; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any Sephora Releasee, in any civil, criminal or administrative proceeding in any court, administrative agency, or other tribunal.

2.8.5       All of the exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

2.8.6       The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

2.8.7       The Stipulation constitutes the entire agreement among the Settling Parties hereto and no representations, warranties, or inducements have been made to any party concerning the Stipulation or its exhibits other than the representations, warranties, and covenants contained and memorialized in such documents. Except as otherwise provided herein, each party shall bear its own costs and fees.

2.8.8       Class Counsel are expressly authorized by the Plaintiff and the Opt-In Plaintiffs to take all appropriate action required or permitted to be taken by the Settlement Class Members pursuant to the Stipulation to effect its terms, and also are expressly authorized to enter into any modifications or amendments to, or documents or pleadings filed in support of, the Stipulation on behalf of the Settlement Class Members which they deem appropriate.

2.8.9       Each counsel or other Person executing the Stipulation or any of its exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

2.8.10       The Stipulation may be executed in one or more counterparts by email or facsimile. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of executed counterparts shall be filed with the Court.

2.8.11      The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto; but this Stipulation is not designed to and does not create any third party beneficiaries.

2.8.12      The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Stipulation.

2.8.13      The Stipulation and the exhibits hereto shall be considered to have been negotiated, executed, and delivered, and to have been wholly performed, in the State of California, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of California without giving effect to that State's choice of law principles.

2.8.14      The language of all parts of this Stipulation shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against either party. No party shall be deemed the drafter of this Stipulation. The parties acknowledge that the terms of the Stipulation are contractual and are the product of negotiations between the parties and their counsel. Each party and their counsel cooperated in the drafting and preparation of the Stipulation. In any construction to be made of the Stipulation, the Stipulation shall not be construed against any party and the canon of contract interpretation set forth in California Civil Code § 1654 and other similar statutory provisions shall not be applied.

2.8.15      The parties to this agreement recognize and acknowledge that at the time of the execution of this Stipulation, there are issues of law that are unresolved, which could impact the claims at issue in the Litigation absent this Stipulation. The parties further recognize that they are reaching this settlement in light of the risks created by this case and all other issues of unsettled law, and that all parties will take all efforts to enforce this Stipulation and obtain Court approval for this settlement regardless of any subsequent legal developments. The Settling Parties and Class Counsel agree that the proposed classes are receiving benefit from this settlement by obtaining a settlement (and associated consideration) prior to such possible developments, and the Settling Parties and their counsel agree not to argue otherwise or seek to void this settlement or

1 prevent court approval on the basis of any subsequent precedent.

2       2.8.16      The Settling Parties agree that because this is a collective action, the notice

3 provisions of the Class Action Fairness Act of 2005 do not apply, and even if they did (which

4 they do not), the release contained in this Stipulation and in the Confidential Waiver and Releases

5 executed by the Settlement Class Members would be separately enforceable and effective even if

6 the judgment were deemed non-binding.

7       2.8.17      Prior to the parties' joint submission of this Stipulation for approval by the

8 Court, neither the Plaintiff nor Class Counsel shall communicate any terms of this settlement to

9 any third parties. At all times Plaintiff, the Opt-In Plaintiffs, and Class Counsel shall not publicize

10 the settlement in this action or the terms thereof via (a) press releases; (b) Internet postings except

11 for posting publicly filed court documents; or (c) any form of communications with the media.

12 This shall not prohibit Class Counsel from discussing this case or any aspect of this settlement

13 with the Plaintiff, any Opt-In Plaintiff, or any court, and this shall not prohibit Class Counsel

14 from in any way disclosing their mere status as counsel in the case.

15

16

17 IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed.

18

19 Dated: _____, 2014

20                                   By: *Rebecca Sanchez*

21                                        Rebecca Sanchez
                                       Plaintiff

22 Dated: _____, 2014

23

24                                   By: _____

25                                          [Name]
                                       Sephora USA, Inc.

26

27

28

1

2    Approved as to form:

3

4    Dated: _____, 2014                FIBICH, HAMPTON, LEEBRON, BRIGGS &
                                              JOSEPHSON, L.L.P.

5

6                                   By: _____

7                                        MICHAEL JOSEPHSON
                                        Attorneys for Plaintiff

8

9    Dated: _____, 2014                ORRICK, HERRINGTON & SUTCLIFFE LLP

10

11                                   By: _____

12                                      ANDREW R. LIVINGSTON
                                      Attorneys for Defendant

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  prevent court approval on the basis of any subsequent precedent.

2        2.8.16          The Settling Parties agree that because this is a collective action, the notice

3  provisions of the Class Action Fairness Act of 2005 do not apply, and even if they did (which

4  they do not), the release contained in this Stipulation and in the Confidential Waiver and Releases

5  executed by the Settlement Class Members would be separately enforceable and effective even if

6  the judgment were deemed non-binding.

7        2.8.17          Prior to the parties' joint submission of this Stipulation for approval by the

8  Court, neither the Plaintiff nor Class Counsel shall communicate any terms of this settlement to

9  any third parties. At all times Plaintiff, the Opt-In Plaintiffs, and Class Counsel shall not publicize

10  the settlement in this action or the terms thereof via (a) press releases; (b) Internet postings except

11  for posting publicly filed court documents; or (c) any form of communications with the media.

12  This shall not prohibit Class Counsel from discussing this case or any aspect of this settlement

13  with the Plaintiff, any Opt-In Plaintiff, or any court, and this shall not prohibit Class Counsel

14  from in any way disclosing their mere status as counsel in the case.

15

16

17  IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed.

18
    Dated: _____, 2014
19

20  By: _____
21      Rebecca Sanchez
        Plaintiff

22  Dated: March 26, 2014

23

24  By: _____
        Alexis Rollier
25      Senior Vice President, Finance
        Sephora USA, Inc.

26

27

28

- 17 -

SETTLEMENT STIPULATION
CV 11 3396 SBA

Approved as to form:

Dated: _____, 2014                    FIBICH, HAMPTON, LEEBRON, BRIGGS &
                                             JOSEPHSON, L.L.P.


                                             By: _____
                                                      MICHAEL JOSEPHSON
                                                      Attorneys for Plaintiff


Dated: _____, 2014                    ORRICK, HERRINGTON & SUTCLIFFE LLP


                                             By: _____
                                                      ANDREW R. LIVINGSTON
                                                      Attorneys for Defendant

# EXHIBIT NO. 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

REBECCA SANCHEZ, individually and on
behalf of all others similarly situated;

§
§
§

Plaintiffs,                      §
§      Case No. CV 11 3396 SBA
vs.                                      §
§
SEPHORA USA, INC.                §
§
Defendant.                  §

**IMPORTANT NOTIFICATION TO POTENTIAL CLASS MEMBERS**
**OF PENDING FAIR LABOR STANDARDS ACT ACTION**

TO:    ALL INDIVIDUALS WHO WERE (A) EMPLOYED BY SEPHORA AS A SPECIALIST
DURING THE TIME PERIOD_____TO THE PRESENT; AND (B) PAID A
"SALARY" WITH NO OVERTIME COMPENSATION FOR OVER 40 HOURS OF WORK
IN ANY WORKWEEK.

RE:    FAIR LABOR STANDARDS ACT LAWSUIT TO RECOVER ALLEGEDLY UNPAID
OVERTIME COMPENSATION, BENEFITS AND WAGES

1.    INTRODUCTION

The purpose of this Notice is to inform you of the existence of a collective action lawsuit alleging
violations of the Fair Labor Standards Act ("FLSA"), to advise you of how your rights might be
affected by this suit, and to instruct you on the procedure for participating in this suit should you
choose to do so.  The Notice and its contents have been authorized by the United States District
Court.  However, the Court has taken no position on whether Sephora has done anything wrong
or whether this case will proceed to trial.  This lawsuit is in its early stages and there is no
guarantee that there will be a monetary award.

2.    DESCRIPTION OF THE LAWSUIT

Rebecca Sanchez (hereinafter "Plaintiff") brought this lawsuit against Defendant Sephora USA,
Inc. ("Defendant" or "Sephora") in the United States District Court on behalf of herself and all other
current and former Specialists who were employed by Sephora at any time during the past three
years throughout the United States. Plaintiff contends that Defendant improperly classified
Specialists as "exempt" from the overtime provisions of the FLSA and violated the FLSA, which
requires that all non-exempt employees be properly compensated for all of the hours that they
worked in excess of 40 hours a week. Plaintiff seeks overtime compensation at a rate of time-and-
one-half compensation for all the time spent working over 40 hours in any work week, additional
damages in an amount equal to her unpaid overtime, or double damages, because of Defendant's

alleged failure to pay her in accordance with federal law governing payment of wages and overtime pay. Finally, Plaintiff is seeking attorneys' fees and costs.

Sephora has asserted affirmative defenses and potential exemptions in the lawsuit and has denied Plaintiff's claim in their entirety.  Sephora claims that it fully complied with all applicable laws and denies any wrongdoing.  The Court has not yet determined whether Plaintiff's claims have any merit.

## 3.      COMPOSITION OF THE CLASS

The named Plaintiff has filed this lawsuit on behalf of herself and all other current and former Specialists who were employed by Defendant Sephora USA, Inc. in the United States at any time during the past three years, who worked more than 40 hours in any workweek.

## 4.      HOW TO PARTICIPATE IN THIS LAWSUIT

Enclosed you will find a form entitled "Consent to Become a Party Plaintiff" ("Consent Form"). If you fit the description above and want to join this lawsuit to attempt to recover unpaid overtime and liquidated damages which may be owed to you in connection with this lawsuit, you must file a consent to be made a party plaintiff with the Clerk of the Court (that is, you must "opt-in" to this lawsuit as a party plaintiff.)

If you choose to join this lawsuit, it is extremely important that you read, sign and return the enclosed Consent Form to Plaintiff's Counsel for filing with the Clerk of the Court. An addressed and postage paid envelope is enclosed for your convenience. Should the envelope be lost or misplaced, the Consent Form should be faxed to 713-751-0030 or mailed to:

**Specialist Overtime Lawsuit Against Sephora USA, Inc.**
**Fibich, Hampton, Leebron, Briggs & Josephson LLP**
**1150 Bissonnet, Houston, Texas 77005**

If you complete the enclosed Consent Form, you will be designating Plaintiff and her attorneys to act on your behalf and to represent your interests. If you wish to discuss this matter, you may contact Plaintiff's attorneys directly at 713-751-0025 or 1-888-751-7050. By contacting Michael Josephson (Plaintiffs' attorney), you will have the opportunity to discuss with him in detail the nature of the case and the terms of his representation.  If you do not wish to join this lawsuit, you do not need to do anything.

If you do not file a Consent Form and join in this case, and if the Plaintiff prevails here, you will not receive any back wages for overtime or other relief from the case. Any such relief could be obtained by you only if you proceed by bringing an independent action within the time provided by law.

Your eligibility to join this suit may be affected by the statute of limitations.  The statute of limitations under the FLSA bars suits on actions which occurred more than three years ago. Therefore if you have not been employed as a Specialist at Sephora within the past three years, your claims under the FLSA may be time barred.

In addition, your continued right to participate may depend on a later decision as to whether you and the Plaintiffs are "similarly situated" under federal law.  If it is later determined that Plaintiffs are not similarly situated, this collective action may be decertified, and you will be free to pursue your individual claims if you still believe they exist and if the statute of limitations has not run.

**5.     COSTS AND FEES ASSOCIATED WITH THIS SUIT**

If you choose to join this lawsuit, Plaintiff Sanchez's counsel, Michael A. Josephson, Esq. of the Law Firm of Fibich, Hampton, Leebron, Briggs & Josephson LLP, will represent you.  The attorney for the class is being paid on a contingency fee basis, which means if there is no recovery, there will be no attorneys' fees chargeable to you.  If there is a recovery or settlement, Plaintiff's counsel will receive either a percentage of the total recovery or reasonable attorneys' fees paid by Sephora, in an amount to be determined by the Court.

Persons who join this suit as a Plaintiff will not incur any costs at all during or after the litigation process if Plaintiffs prevail.  All costs will be advanced by Fibich, Hampton, Leebron, Briggs & Josephson, LLP and will only be recovered from the proceeds of any settlement or judgment obtained in this case.

If you join this suit as a Plaintiff and Plaintiffs do not prevail, you may be required to bear a proportional share of some or all of Sephora's costs in this matter, such as filing fees or deposition transcripts.

**6.     YOUR TIME TO JOIN IS LIMITED**

The Consent Form must be received by Plaintiff's Counsel with sufficient time to file it with the Court on or before _____.  If you fail to return the completed consent form to Plaintiff's counsel in time for it to be filed with the Court on or before that deadline, you may not be able to participate in this lawsuit. This means that you bear the risk of any non-delivery or delay in delivery of the Consent form. Thus, if your signed Consent Form is not filed by _____, you will lose the right to participate as a Plaintiff in this lawsuit.

**7.     EFFECT OF JOINING THIS LAWSUIT**

**If you complete and timely return the Consent form:**

- You may be bound by any judgment whether it is favorable or unfavorable, and may give up your right to separately sue Sephora for the same FLSA claims brought in this lawsuit.  If the parties ultimately settle the case, you also will be bound by the settlement.  If you do not choose to join this lawsuit by filing a Consent Form, you will not be affected by any judgment, favorable or unfavorable, nor will you be bound by any settlement.  Rather, you retain your legal rights to bring a separate lawsuit against Sephora (within the applicable statute of limitations period) for alleged unpaid overtime compensation;

- While the suit is proceeding you may be required to provide information, sit for depositions, and/or testify in court;

## 8. NO RETALIATION PERMITTED

Federal law prohibits Defendant from terminating your employment, discharging you, or in any other manner discriminating against you because you opt-in to this case or have in any other way exercised your rights under the Fair Labor Standards Act.

## 9. PLAINTIFF'S ATTORNEYS' CONTACT INFORMATION

Michael A. Josephson
**FIBICH, HAMPTON, LEEBRON, BRIGGS & JOSEPHSON, LLP**
1150 Bissonnet
Houston, Texas 77005
713-751-0025 (Telephone)
713-751-0030 (Facsimile)
1-888-751-7050 (Toll-Free)
mjosephson@fhl-law.com

Bryan Schwartz
**BRYAN SCHWARTZ LAW**
Bryan@BryanSchwartzLaw.com
180 Grand Avenue, Suite 1550
Oakland, CA  94612
(510) 444-9300 (Telephone)
(510) 444-9301 (Fax)

**FOR MORE INFORMATION ABOUT THE LAWSUIT OR THIS NOTICE, YOU MAY CONTACT**

**PLAINTIFF'S ATTORNEYS FOR A FREE AND CONFIDENTIAL LEGAL CONSULTATION**

**This page intentionally left blank.**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| REBECCA SANCHEZ, individually and on behalf of all others similarly situated; | § § § | Case No. CV 11 3396 SBA |
| Plaintiffs, | § § § | |
| vs. | § § § | |
| SEPHORA USA, INC. | § § § | |
| Defendant. | § § § | |

**CONSENT FORM TO JOIN LAWSUIT**

I, the undersigned, a current or former Specialist employed by Sephora USA, Inc. to be a party plaintiff in the above-captioned lawsuit, which is an action to recover unpaid overtime, wages and benefits. By my signature below, I designate the above representative Plaintiff and her attorneys as my agent to make decisions on my behalf concerning the litigation, the manner and method of conducting this litigation, attorney's fees and costs and all other matters pertaining to this lawsuit.

**Please print or type the following information:**

_____          _____
Full Name                                          Signature/Date

_____          _____
Address                                             City/State/Zip

_____          _____
Telephone Number                              Approx. Dates of Employment

_____          _____
Email Address                                     Alternate Phone Number

**RETURN THIS FORM BY MAIL OR FAX 713-751-0030 TO:**
**Specialist Overtime Lawsuit Against Sephora USA, Inc.**
**c/o Michael A. Josephson**
**Fibich, Hampton, Leebron. Briggs & Josephson LLP**
**1150 Bissonnet, Houston, Texas 77005**

# EXHIBIT NO. 2

Sanchez v. Sephora
73 Opt-In Plaintiffs

| | Last name | First name |
|---|---|---|
| 1 | Aguado | Martina |
| 2 | Allaire | Kristine |
| 3 | Aro | Debralee |
| 4 | Bozyk | Francisca |
| 5 | Burrow | Avis |
| 6 | Calero | Katherine |
| 7 | Carallis | Carrianne |
| 8 | Castellano | Danielle |
| 9 | Cole | Faith |
| 10 | Davis | Jennifer |
| 11 | Deal | Brittany |
| 12 | Diaz | Carmen |
| 13 | Diaz | Danilo |
| 14 | Diaz-Mangiafico | Ernesto |
| 15 | Estrellado (Hain) | Toni |
| 16 | Fallstead | Janae |
| 17 | Fernandez | Minella |
| 18 | Fontelera | Christine |
| 19 | Foret | Kimberly |
| 20 | Garcia | Graciela |
| 21 | Giambrone | Regina |
| 22 | Giudicessi | Megan |
| 23 | Gonzalez | Victoria |
| 24 | Gray | James |
| 25 | Guzzo | Joseph |
| 26 | Holland | Jenny |
| 27 | Jennings | Valerie |
| 28 | Joseph | Tami |
| 29 | Knor-Carlson | Nicole |
| 30 | Kuhn | Marian R. |
| 31 | Lewis | Brandy |
| 32 | Licare | Julie |
| 33 | Maccaro | Daniel |
| 34 | Mack | Sabrina |
| 35 | Mayfield | Kerrie |
| 36 | Melero | Veronica M |
| 37 | Merkle | Ann |
| 38 | Mitchell | Shannon |
| 39 | Monge | James |
| 40 | Moran | Laura |
| 41 | Nemeth | Elizabeth |
| 42 | Nini | Diana |
| 43 | Ovalle | William |
| 44 | Pacheco | Sonia |
| 45 | Park | Erica |
| 46 | Parrinello | Laura |

Sanchez v. Sephora
73 Opt-In Plaintiffs

| 47 | Pickering | Merrie |
|----|-----------|--------|
| 48 | Poessiger | Jessica |
| 49 | Ramos | Kathleen |
| 50 | Ramos | Vanessa |
| 51 | Ream | Callie |
| 52 | Reuben | Jennifer |
| 53 | Reyes | Nicole |
| 54 | Richards | Erica |
| 55 | Rubio | Juana |
| 56 | Rubisz | Ewa |
| 57 | Sanchez | Rebecca |
| 58 | Sattler | Christina |
| 59 | Sitawan | Ericka |
| 60 | Tahtinen | Cherie |
| 61 | Talancon | Jessica |
| 62 | Taylor | Desiree |
| 63 | Thornton | Jonathan |
| 64 | Torres | Ruth |
| 65 | Tullius | Rochelle |
| 66 | Vito | Julie |
| 67 | Waldon | Darvina |
| 68 | Wegner | Merry Lynn |
| 69 | Williamson | Amy |
| 70 | Wilson | Natasha |
| 71 | Zapata | Terry |
| 72 | Zimmer | Adrienne |
| 73 | Zollicoffer | Glenda |

# EXHIBIT NO. 3

1    Attorneys Listed on the Following Page

2                    **UNITED STATES DISTRICT COURT**
3                    **NORTHERN DISTRICT OF CALIFORNIA**

4    **REBECCA SANCHEZ, individually and**          §
     **on behalf of all others similarly situated;**   §      **Civil Action No. CV-11-3396 SBA**
5                                                    §
6              **Plaintiff,**                        §      **JURY TRIAL DEMANDED**
                                                     §
7    **vs.**                                         §      **[PROPOSED] ORDER**
                                                     §      **GRANTING MOTION FOR**
8    **SEPHORA USA, INC.**                           §      **APPROVAL OF  SETTLEMENT**
                                                     §      **AND CONDITIONAL**
9              **Defendant.**                        §      **DISMISSAL**
                                                     §
10                                                   §
                                                     §
11   _____

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
[PROPOSED] ORDER GRANTING MOTION FOR APPROVAL OF SETTLEMENT
AND CONDITIONAL DISMISSAL
*Sanchez, et al. v. Sephora USA, Inc.*, Case No. CV-11-3396 SBA

OHSUSA:756978421.2

1 | **FIBICH, HAMPTON, LEEBRON,**
**BRIGGS & JOSEPHSON, L.L.P.**
2 | MICHAEL JOSEPHSON
3 | (*pro hac vice*)
Texas Bar No. 24014780
4 | mjosephson@fhl-law.com
1150 Bissonnet
5 | Houston, TX 77005
(713)751-0025 (Telephone)
6 | (713)751-0030 (Facsimile)

7 | **BRYAN SCHWARTZ LAW**

8 | BRYAN SCHWARTZ (SBN 209903)
Bryan@BryanSchwartzLaw.com
9 | 180 Grand Avenue, Suite 1550
Oakland, CA 94612
10 | (510) 444-9300 (Telephone)
11 | (510) 444-9301 (Fax)

12 | ATTORNEYS FOR PLAINTIFF AND
THE PUTATIVE CLASS
13

14 | **ORRICK, HERRINGTON & SUTCLIFFE LLP**
15 | ANDREW R. LIVINGSTON (State Bar No. 148646)
BROOKE D. ARENA (State Bar No. 238836)
16 | AUBRY R. HOLLAND (State Bar No. 259828)
The Orrick Building
17 | 405 Howard Street
San Francisco, CA 94105
18 | Telephone: (415)773-5700
Facsimile: (415) 773-5759
19 | Email: alivingston@orrick.com

20
ATTORNEYS FOR DEFENDANT
21 | SEPHORA USA, INC.

22

23

24

25

26

27

28

[PROPOSED] ORDER GRANTING MOTION FOR APPROVAL OF SETTLEMENT
AND CONDITIONAL DISMISSAL
*Sanchez, et al. v. Sephora USA, Inc.*, Case No. CV-11-3396 SBA

OHSUSA:756978421.2

**CONSIDERING PLAINTIFF'S MOTION TO APPROVE SETTLEMENT AND FOR CONDITIONAL DISMISSAL,** and after evaluating the Stipulation Re: Settlement of Collective Action between the parties and the attachments thereto, the Court finds the settlement to be fair and reasonable and approves same under the Fair Labor Standards Act.  Accordingly:

**IT IS ORDERED** that the Motion to Approve Settlement and for Conditional Dismissal is **GRANTED.** Accordingly, this action is hereby conditionally dismissed, each party to bear its own fees and costs except as provided in the Stipulation Re: Settlement of Collective Action .  The Court also retains jurisdiction over the Parties and their Stipulation Re: Settlement of Collective Action , for purposes of enforcing such agreements should any controversy arise about the terms of the agreements or any party's performance of its obligations thereunder.

**IT IS FURTHER ORDERED** that, upon the Court's receipt of a Joint Motion to Dismiss to be filed by the Parties no later than 60 days after the disbursement of the balance of the payments as specified in the Stipulation Re: Settlement of Collective Action , the Court will enter a final order dismissing with prejudice all claims of all Plaintiffs in this action, each party to bear its own fees and costs except as provided in the Stipulation Re: Settlement of Collective Action .

IT IS HEREBY SO ORDERED.

Dated:   _____, 2014                    _____
                                            The Honorable Saundra Brown Armstrong
                                            United States District Judge

[PROPOSED] ORDER GRANTING MOTION FOR APPROVAL OF SETTLEMENT
AND CONDITIONAL DISMISSAL
*Sanchez, et al. v. Sephora USA, Inc.*, Case No. CV-11-3396 SBA

OHSUSA:756978421.2

# EXHIBIT NO. 4

## CONFIDENTIAL WAIVER AND RELEASE

Pursuant to the Stipulation and Settlement Agreement entered into by and between the authorized representatives of Rebecca Sanchez, individually and on behalf of others similarly situated, and Sephora USA, Inc. ("Defendant"), dated _____, the Plaintiff, _____, whose Name and Signature are set forth in the signature block below (hereafter "Plaintiff") hereby knowingly and voluntarily acknowledges and agrees to this Confidential Waiver and Release, subject to all of the terms and conditions set forth herein and the Stipulation and Settlement Agreement (collectively referred to herein as the "Agreement"):

**Consideration and Timing:** Conditioned upon the timely receipt of Plaintiff's fully executed copy of this Confidential Waiver and Release (on or before _____) by Class Counsel and in accordance with the timetable set forth below, Sephora will pay to Plaintiff the total gross sum of $_____ (Plaintiff's "Settlement Sum"). This total gross sum is based on Sephora's payroll records which indicate that Plaintiff worked _____weeks during the relevant statutory time period.  Plaintiff's total gross sum was calculated as follows:  _____weeks x $_____.

Your Settlement Sum consists of $_____ as payment in settlement of claims for unpaid wages, which will be subject to legally required withholdings (thereby causing the net amount paid to be less than the gross amount owed) and which will be reported on a Form W-2; and $_____ as payment in settlement of claims for interest, penalties, and/or liquidated damages, which will not be subject to withholdings and which will be reported on a Form 1099. Sephora will distribute the Settlement Sum in the foregoing amounts by providing a check to Class Counsel for distribution to Plaintiff.

Plaintiff acknowledges that the Settlement Sum is all that he or she has agreed to receive in exchange for the promises made in the Agreement. Plaintiff further acknowledges that the Settlement Sum is based on a negotiated percentage of the potential unpaid wages at issue in the Lawsuit, and that his or her individual Settlement Sum was based on the number of weeks he or she performed work for Sephora relative to the number of weeks other Settlement Class Members performed work for Sephora, and based upon the rate of pay for each such work week in question.

**Full and Final Release of Claims:** Plaintiff agrees to release and forever discharge, for himself/herself, his/her heirs, executors, administrators, legal representatives, and assigns, any and all claims, including without limitations Unknown Claims, demands, rights, liabilities, and causes of action of every nature and description whatsoever, including without limitation statutory, constitutional, contractual or common law claims, whether arising under federal or state or other law, against the Sephora Releasees, or any of them, accruing at any point prior to the Approval Date and arising out of the Class Member's employment by any Sephora Releasee as a Specialist, for failure to pay any types of wages, including without limitation, claims for failure to pay regular, overtime or premium wages; failure to pay for standby time; failure to pay all compensation due and owing at termination; failure to provide meal and rest break periods or premiums in lieu thereof; failure to provide complete or accurate wage statements; and any associated remedies such as liquidated damages, penalties, interest, fees, costs or any other remedies. Released Claims include without limitation all wage and hour claims under the Fair Labor Standards Act ("FLSA"); the Portal to Portal Act; and/or any applicable statutes, laws or regulations of any state or local government, including without limitation California Labor Code limitation sections 203, 218, 218.5, 226, 226.7, 512, 1194 and 2698 et seq.; and California Business and Professions Code §§ 17200, et seq. and to the extent not covered above, any claims pled in or reasonably arising out of the Lawsuit  ("Released Claims").

**Releasees.** Plaintiff expressly agrees that the Released Claims include all claims, as described in the preceding paragraph, that were asserted or could be asserted against Sephora and all of Sephora's employees, investors, parents, affiliates, subsidiaries, predecessors, successors, divisions, joint ventures and assigns, other related or affiliated entities/persons and each of the forgoing entities' past or present owners, directors, officers,

employees, partners, members, principals, agents, insurers, coinsurers, re-insurers, shareholders, attorneys, employee benefit plans, employee benefit plan trustees, fiduciaries, administrators, personal or legal representatives.

**Unknown Claims.**  Plaintiff expressly agrees that the Released Claims include all claims, as described above, which he or she does not know or suspect to exist in his or her favor at the time of the entry of the Judgment, and which, if known by him or her might have affected his or her settlement with and release of Sephora. With respect to any and all Released Claims, Plaintiff agrees that he or she has expressly waived the provisions, rights, and benefits of California Civil Code § 1542 or any like provision of the law of any other pertinent jurisdiction. California Civil Code § 1542 provides:

A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Plaintiff may hereafter discover facts in addition to or different from those which he or she now knows or believes to be true with respect to the subject matter of the Released Claims, but he or she shall be deemed to have fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which then exist, or have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

Plaintiff affirms that he fully understands the meaning and intent of this Agreement, including but not limited to its final and binding effect, and acknowledges the same.

Signed this _____ day of _____, 2014.

Name and Signature:                                    Mailing Address for Settlement Proceeds:


_____          _____
Plaintiff (Printed Name)

                                                              _____


_____          _____
Plaintiff (Signature)