UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| REBECCA SANCHEZ, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>   vs.<br><br>SEPHORA USA, INC.,<br><br>            Defendant. | Case No: C 11-03396 SBA<br><br>**ORDER FOR SUPPLEMENTAL BRIEFING** |

Plaintiff Rebecca Sanchez, individually and on behalf of all others similarly situated, brings the instant action against her former employer, Sephora USA, Inc. ("Sephora"), under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), to recover unpaid overtime wages. This action has been conditionally certified as a collective action and consent forms were previously disseminated to similarly-situated Sephora Specialists. Dkt. 57, 59.[1]  The parties have now agreed to settle this matter for $175,756.85. From that amount, the Plaintiffs' counsel will receive $58,527.03 (based on 33.33% of the gross settlement), and $12,000 for reimbursement of litigation costs.

---

[1] Based on the exhibits filed in support of the instant motion, it appears that at least 75 Sephora employees filed consents to join action. By filing a consent form, that employee becomes a party to the action. Therefore, all further references to "Plaintiffs" shall mean Ms. Sanchez and those individuals who filed consents to join the action.

This matter is now before the Court on Plaintiffs' Unopposed Motion in Support of Approval of Settlement Under the Fair Labor Standards Act and for Conditional Dismissal. Dkt. 93. Settlements of private FLSA collective action claims generally require court approval. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982); accord McKeen-Chaplin v. Franklin Am. Mortg. Co., No. C 10-5243 SBA, 2012 WL 6629608, *2 (N.D. Cal. Dec. 19, 2012) (following Lynn's Food Stores). Before conferring its approval, the district court must scrutinize the settlement to determine if it is "a fair and reasonable resolution of a bona fide dispute." Lynn's Food Stores, 679 F.2d at 1354-55. A motion for final approval of an FLSA collective action settlement should be accompanied by appropriate evidentiary showing. The failure to make such a showing may result in the denial of the motion. E.g., Ambrosino v. Home Depot U.S.A, Inc., No. 11cv1319 L(MDD), 2014 WL 1671489, at *2-3 (S.D. Cal. Apr. 28, 2014); McKeen, 2012 WL 6629608, at *3; Khanna v. Inter-Con Sec. Sys., Inc., No. CIV S-09-2214 KJM GGH, 2012 WL 4465558, at *11 (E.D. Cal. Sept. 25, 2012).

Here, the record supports the conclusion that this action presents a bona fide dispute between Plaintiffs and Sephora regarding the exempt classification of its Specialists. However, Plaintiffs' contention that the settlement is fair and reasonable is conclusory and unsupported. Plaintiffs fail to recite any information regarding the process through which the settlement was reached for the Court to assess whether the settlement was reached as a result of arms-length negotiations. The Court also has been provided with no information to establish the reasonableness of the settlement. For instance, Plaintiffs do not state the maximum recovery they could have obtained with a favorable judgment on the merits. Nor do they provide any estimates regarding the number of overtime hours worked by each of them and their corresponding potential range of recovery. Finally, Plaintiff has provided no information to establish the reasonableness of their requests for attorneys' fees and costs. Accordingly,

IT IS HEREBY ORDERED THAT within ten (10) days from the date this Order is filed Plaintiffs shall submit a supplemental memorandum and an accompanying declaration

1  to support any factual assertions to establish that the settlement represents a fair and
2  reasonable resolution of a bona fide dispute.  The supplemental memorandum shall include
3  information, without limitation, pertaining to:  how the settlement was reached; the
4  potential, maximum amount of recovery Plaintiffs could have obtained with a favorable
5  judgment on the merits; estimates regarding the number of overtime hours worked by each
6  of the Plaintiffs and their potential range of recovery; information bearing upon the
7  reasonableness of the attorneys' fees sought (i.e., lodestar data); a specification of and
8  documentary support for the amount of litigations costs; and any other information that will
9  demonstrate that the settlement is fair and reasonable.  Plaintiffs' Unopposed Motion in
10 Support of Approval of Settlement Under the Fair Labor Standards Act and for Conditional
11 Dismissal will be taken under advisement following Plaintiffs' submission of their
12 supplemental memorandum.

   IT IS SO ORDERED.

Dated: May 27, 2014

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge